IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VALERIA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SSC DURHAM OPERATING | ) | 1:17CV686 |
| COMPANY, LLC d/b/a | ) | |
| SAVASENIORCARE | ) | |
| ADMINISTRATIVE SERVICES d/b/a | ) | |
| BRIAN CENTER HEALTH & | ) | |
| REHABILITATION/DURHAM, INC. | ) | |
| d/b/a BRIAN CENTER HEALTH & | ) | |
| RETIREMENT/DURHAM, INC. and | ) | |
| SAVASENIORCARE CONSULTING, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Valeria Jones ("Jones") filed this action against SSC Durham Operating Company, LLC d/b/a SavaSeniorCare Administrative Services[1] d/b/a Brian Center Health & Rehabilitation/Durham, Inc. d/b/a Brian Center Health & Retirement/Durham, Inc. ("SSC Durham Operating Company") and SavaSeniorCare Consulting, LLC ("SavaSeniorCare Consulting") alleging various negligence claims. (See Compl. [Doc. #4].) This matter is before the Court on the Joint Motion for

---

[1] SSC Durham Operating Company and SavaSeniorCare Administrative Services report they are two distinct entities, and therefore, are two separate defendants. (See Pet. for Removal [Doc. #1].) Accordingly, SavaSeniorCare Administrative Services has moved, along with SSC Durham Operating Company and SavaSeniorCare Consulting, for summary judgment.

Summary Judgment [Doc. #19] filed by SSC Durham Operating Company, SavaSeniorCare Administrative Service, and SavaSeniorCare Consulting and on the Motion to Dismiss for Insufficient Service of Process[2] [Doc. #23] filed by SavaSeniorCare Consulting. For the reasons explained below, the Joint Motion for Summary Judgement is GRANTED and SavaSeniorCare Consulting's Motion to Dismiss is GRANTED.

I.

In January of 2014, Jones was a resident of the Brian Center Health and Rehabilitation/Durham[3], a nursing home, which was owned by SSC Durham Operating Company. (Compl. ¶¶ 11-13; SSC Durham Operating Co.'s Answer [Doc. #9] ¶¶ 2, 11.) Jones alleges that on January 16, 2014, she was badly burned after a staff member of the Brian Center spilled hot soup on her while she ate lunch. (Compl. ¶¶ 13-17.) Jones applied and received an extension of time to file her complaint from the Assistant Clerk of Superior Court in Durham County on January 17, 2017, (Pet. for Removal [Doc. #1], Ex. 4 [Doc. #1-4] at 28), and

---

[2] SavaSeniorCare Consulting entitles its motion to dismiss "SavaSeniorCare Consulting, LLC's Motion to Dismiss for Insufficient Process and Insufficient Service of Process." However, the accompanying memorandum in support of the motion is entitled "SavaSeniorCare Consulting, LLC's Memorandum in support of Motion to Dismiss for Insufficient Service of Process." Given that neither the motion nor the memorandum makes any arguments regarding insufficient process, and they instead focus only on insufficient service of process, only the latter will be addressed.
[3] When Jones was a resident at the nursing home, it did business under the name Brian Center Health and Rehabilitation/Durham. It now operates as Brian Center Southpoint. (See Answer ¶ 2.)

subsequently filed her complaint in Durham County Superior Court on February 6, 2017, (id. at 14).

SSC Durham Operating Company and SavaSeniorCare Administrative Services removed the action to this Court on July 24, 2017.[4] (Pet. for Removal at 6.) SavaSeniorCare Consulting neither joined the petition for removal nor filed its own petition to remove. (See generally Pet. for Removal.) However, it did file an answer after the case was removed. (Answer to Compl. by SavaSeniorCare Consulting [Doc. # 12].)

SSC Durham Operating Company moved for summary judgment [Doc. # 19], which SavaSeniorCare Administrative Services [Doc. #21] and SavaSeniorCare Consulting [Doc. #22] (hereafter collectively "Defendants") have joined. Defendants argue that the only occasion liquid could have spilled on Jones was January 6, 2014, and therefore the statute of limitations had already expired when she received an extension of time to file her complaint on January 17, 2017. (SSC Durham Operating Co.'s Mem. in Supp. of Mot. for Summ. J. [Doc. #20] at 2-3.) Additionally, SavaSeniorCare Consulting moved to dismiss for insufficiency of service of process, alleging that Jones failed to serve it with a summons. (Mot. to Dismiss for Insufficient Serv. of Process [Doc. # 23].)

---

[4] Removal was timely in this case because SSC Durham Operating Company and SavaSeniorCare were not served until June 26, 2017, after Jones received an Alias and Pluries Summons on May 5, 2017. (See Pet. for Removal, Ex. 3 [Doc. #1-3] at 1, 22.)

3

Jones has not filed a response to either of the motions presented by Defendants. (See Letter from Clerk's Off. to Pl.'s Couns. (May 28, 2018) [Doc. #26].) Per the Local Rules, "[i]f a respondent fails to file a response within the time required . . ., the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L. R. Civ. P. 7.3(k); see also L.R. Civ. P. 56.1(d) ("The failure to file a response may cause the Court to find that the [summary judgment] motion is uncontested.").

Even though these motions may be considered as uncontested, the Fourth Circuit still requires that unopposed motions to dismiss and unopposed motions for summary judgment be reviewed to determine if dismissal is proper. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("Even though Appellants did not challenge the motions to dismiss, we note that the district court nevertheless has an obligation to review the motions to ensure dismissal is proper."); see also Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 426 n.8 (4th Cir. 2010) ("[W]e have previously held that, in considering a motion for summary judgment the district court must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.") (emphasis omitted) (internal quotations omitted) (quoting Custer v. Pan. Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)). Thus, although both motions will be treated as uncontested, they will also be substantively evaluated.

II.

Because SavaSeniorCare Consulting's Motion to Dismiss for Insufficiency of Service of Process is determinative of its role in this case, it is addressed first. SavaSeniorCare Consulting argues in its motion that it was never summoned to the instant action and therefore it must be dismissed as a party. "[V]alidity of service prior to removal is determined by the law of the state under which service was made." See Brazell v. Green, No. 94-7214, 1995 WL 572890, at *1 (4th Cir. Sep. 29, 1995). North Carolina law provides that once the complaint is filed, a summons must be served "within 60 days after the date of the issuance of summons" upon "some proper person for service . . . [and] shall be directed to the defendant or defendants and shall notify each defendant to appear and answer" N.C. R. Civ. P. 4(a)-(c).

Therefore, prior to removal, under North Carolina law, SavaSeniorCare Consulting should have been served with a summons within sixty days from its issuance. Jones served SavaSeniorCare Consulting's registered agent with the complaint, but a summons was not issued nor served directing SavaSeniorCare Consulting to appear. (See SavaSeniorCare Consulting's Mot. to Dismiss for Insufficient Serv. of Process; id. at Ex. 1 [Doc. # 23-1].) Because Jones did not serve a summons directed to SavaSeniorCare Consulting, valid service of process did not occur under North Carolina law.

However, because this case was removed from North Carolina state court to federal court, Jones had another chance to effectuate service of process. 28 U.S.C. § 1448 provides that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Therefore, when the case was removed, Jones had a chance to overcome her invalid service of process under North Carolina law by properly serving SavaSeniorCare Consulting under the federal rules.

Under Federal Rule of Civil Procedure 4(m), Jones had ninety days from the time of removal to serve SavaSeniorCare Consulting with process. See Brower v. AT&T Mobility Services, LLC, No. RDB-18-2207, 2018 WL 4854168, at *3 (D. Md. Oct. 5, 2018) ("Federal removal procedure, however, dictates that Plaintiff Brower had ninety days from the time of removal to effect service of process.") (emphasis omitted) (citing Martin v. Moody, No. 2:16-cv-06788, 2016 WL 6093493, at *1 (S.D.W. Va. Oct. 14, 2016) & Lee v. City of Fayetteville, No. 5:15-cv-638-FL, 2016 WL 1266597, at *6 (E.D.N.C. Mar. 30, 2016) (both finding that upon removal, plaintiffs had ninety days to serve defendants with process)).

Despite this opportunity, Jones did not serve process on SavaSeniorCare Consulting within ninety days of removal. (See generally SavaSeniorCare Consulting's Mot. to Dismiss for Insufficient Serv. of Process.) Therefore, service

6

of process was not proper, and SavaSeniorCare Consulting's Motion to Dismiss for Insufficient Service of Process is granted.[5]

III.

The second matter before the Court is the Joint Motion for Summary Judgment filed by SSC Durham Operating, SavaSeniorCare Consulting, and SavaSeniorCare Administrative Services. Because SavaSeniorCare Consulting is no longer a party to the instant action, the motion is deemed to be brought only by the remaining defendants, (hereafter "Defendants"), who argue that summary judgment should be granted in their favor because Jones filed suit after the expiration of the statute of limitations. (SSC Durham Operating Co.'s Mem. in Supp. of Mot. for Summ. J. at 2.)

"Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,' Fed. R. Civ. P. 56(a)." Groves v. Commc'n Workers of Am., 815 F.3d 177, 181 (4th Cir. 2016). The moving party bears the initial burden of establishing "the basis for its motion[] and identifying those portions of 'the pleadings, depositions, answers to

---

[5] It is noted that no allegations are made against SavaSeniorCare Consulting in the body of the Complaint, and the only mention of SavaSeniorCare Consulting in the Complaint is in the caption of the case. Had SavaSeniorCare Consulting not been improperly served with process, it likely would have been dismissed from the action for failure to state a claim against it. See Key v. South Carolina, No. 1:11-1613-DCN-JRM, 2011 WL 3846848, at *2 (D.S.C. Aug. 10, 2011) ("Simply listing a name in a caption, or as a defendant, is not sufficient to state a claim.").

7

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)[6]).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A dispute is genuine if a reasonable jury, based on the evidence, could find in favor of the non-moving party. Id. at 248. The materiality of a fact depends on whether the existence of the fact could cause a jury to reach different outcomes. Id. The court cannot weigh the evidence by failing to credit contradictory evidence or make credibility determinations. Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651 (4th Cir. 2018).

Before applying the summary judgment standard, the relevant statute of limitations must be determined. When exercising diversity jurisdiction, federal courts apply the choice of law rules enforced by the courts of the state in which they sit. Volvo Const. Equip. of N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 599-600 (4th Cir. 2004) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938) and Klaxon Co. v. Stentor Elec. Mfg. Co, Inc., 313 U.S. 487, 496 (1941)). Under North Carolina's choice of law rules, the law of the forum state applies to procedural issues, and the law of the site of the claim applies to substantive rights.

---

[6] Rule 56(c) was amended effective December 1, 2010, but the substance of the rule did not change.

Boudreau v. Baughman, 368 S.E.2d 849, 853-54 (N.C. 1988). North Carolina views the statute of limitations as procedural, and therefore the law of the forum state must be applied. MedCap Corp. v. Betsy Johnson Health Care Sys., Inc., 16 F. App'x 180, 182 (4th Cir. Aug. 6, 2001) (unpublished) (citing Wener v. Perrone & Cramer Realty, Inc., 528 S.E.2d 65, 67 (N.C. Ct. App. 2000)). Since North Carolina is the forum state in this case, its law regarding statutes of limitations applies.

In North Carolina, the statute of limitations for all the claims brought by Jones is three years from Defendants' last act giving rise to the claim. See Harrold v. Dowd, 561 S.E.2d 914, 917 (N.C. Ct. App. 2002) (citing N.C. Gen. Stat. § 1-15(c)) (statute of limitations for negligence claim is three years); Foster v. Crandell, 638 S.E.2d 526, 535-36 (N.C. Ct. App. 2007) (statute of limitations for negligent supervision claim is three years); Driggers v. Sofamor, S.N.C., 44 F. Supp. 2d 760, 766 (M.D.N.C. 1998) (statute of limitations for negligence per se claim is three years); Wrenn v. Maria Parham Hosp., Inc., No. COA97-1043, 1998 WL 35869943, at *6 (N.C. Ct. App. June 16, 1998) (statute of limitations for respondeat superior claim, corporate negligence claim arising in a medical negligence action, and medical negligence claim itself is three years); Cartrette v. Duke U. Med. Ctr., No. COA07-834, 2008 WL 71171, at *3 (N.C. Ct. App. Mar. 18, 2008) (statute of limitations for res ipsa loquitur claim arising in medical context is three years).

In her Complaint, Jones alleged her injury occurred on January 16, 2014. (Compl. ¶¶ 15-17.) Defendants argue that if Jones were injured, such injury could only have occurred on January 6, 2014. (SSC Durham Operating Co.'s Mem. in Supp. of Mot. for Summ. J. at 2). In support of this contention, Defendants provided medical records[7] which state that on January 6, 2014, Jones was seen for evaluation because of "an accidental burn to her upper ext[remity] and anterior chest. Per reports from staff she had soup on her tray for lunch which spilled." (Id., Ex. C at 2.) The medical records further show that for the rest of January 2014, Jones' January 6 burn was monitored and treated, and no additional burns or injuries occurred. (Id.) There is no entry in the medical records dated January 16, 2014 which would support Jones' allegation that her injury occurred on that day. Therefore, the record evidence shows the burn–the alleged negligent act–occurred on January 6, 2014, and Jones has failed to make any argument or showing otherwise.

Because the incident occurred on January 6, 2014, the statute of limitations expired before Jones filed suit. In North Carolina, the three-year statute of limitations begins to run on the day of the last act by the defendant giving rise to the claim. Harrold, 561 S.E.2d at 917. Therefore, the statute of limitations began to run on January 6, 2014, and expired on January 6, 2017. Jones received an extension to file her lawsuit on January 17, 2017, eleven days after the statute of

---

[7] The medical records are subject to a pending motion to seal. In consideration of their sensitive nature, only information critical to the matter at hand is mentioned.

10

limitations expired[8]. (See Pet. for Removal, Ex. 4 at 28.) "Under North Carolina law, courts lack authority to extend an expired statute of limitations." Terry v. Swift Transp., No. 1:16CV256, 2017 WL 1013074, at *4 (M.D.N.C. Mar. 14, 2017) (citing Wilkes Cty. v. Forester, 167 S.E. 691, 694-95 (N.C. 1933) & Congleton v. City of Asheboro, 174 S.E.2d 870, 872 (N.C. Ct. App. 1970)), adopted by 2017 WL 2881141 (M.D.N.C. July 6, 2017); Cf. Osborne v. Walton, 431 S.E.2d 496, 499 (N.C. Ct. App. 1993) (noting that while the trial court has discretion to extend the time for filing a complaint under North Carolina Rule of Civil Procedure Rule 6(b), it could not issue an extension where the statute of limitations had already expired). Thus, the extension of time Jones received from the Clerk of Superior Court in Durham County to file her Complaint was ineffective, because the statute of limitations had already expired and the court "lack[ed] authorization to grant the requested extension of the statute of limitations." See Terry, 2017 WL 2881141, at *4.

IV.

For the reasons stated above, IT IS HEREBY ORDERED that the Joint Motion for Summary Judgment [Doc. #19] filed by Defendant SSC Durham Operating Company, LLC and Defendant SavaSeniorCare Administrative Services is GRANTED. IT IS FURTHER ORDERED that Defendant SavaSeniorCare Consulting,

---

[8] Even if the injury had occurred on January 16, 2014, as alleged in the complaint, the statute of limitations would have run on January 16, 2017, and the extension would have been granted one day after the statute of limitations.

11

LLC's Motion to Dismiss for Insufficiency of Service of Process [Doc. #23] is GRANTED. A judgment dismissing this action will be entered following a decision on the pending motion to seal.

This, the 18th day of January 2019.

/s/ N. Carlton Tilley, Jr.<br>
Senior United States District Judge